UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| vs | ) | CRIMINAL NO. 16-18 (CCC) |
| MORA DEVELOPMENT CORPORATION, | ) | |
| Defendant | ) | |

## INFORMATION

THE UNITED STATES ATTORNEY CHARGES THAT:

### COUNT ONE

At all times material to this Information,

**A. THE DEFENDANT**

1. The defendant, MORA Development Corporation, was a corporation under the laws of the Commonwealth of Puerto Rico with its principal place of business at 680 Cesar Gonzalez Street, San Juan, Puerto Rico 00919. The defendant was in the business of construction, development and the sale of residential properties. The defendant constructed, developed and sold homes in the Las Cascadas II Development in Toa Alta, Puerto Rico.

**B. THE LAS CASCADAS II DEVELOPMENT**

2. The Las Cascadas II Development was a housing development of single-family homes in the municipality of Toa Alta. From 2007 through March 20, 2013, the defendant, MORA Development Corporation, sold approximately 85 homes at Las Cascadas II Development to homebuyers.

1

3. Between 2007 and March 20, 2013, the houses in the Las Cascadas II Development were not connected to the public sewer system operated and maintained by the Puerto Rico Aqueduct and Sewer Authority ("PRASA"). The defendant MORA Development Corporation owned and operated the private Las Cascadas II Development sewage collection system.

4. Between 2007 and March 20, 2013, residential sewage from the houses in the Las Cascadas II Development flowed by pipe to a sanitary manhole (the Manhole), where it accumulated. The Manhole had a capacity of approximately 4,000 gallons. To dispose properly of the sanitary waste that accumulated in the Manhole in excess of 4,000 gallons, the defendant MORA Development Corporation was required to pump the sanitary waste from the Las Cascadas II Development Manhole into a pump truck for hauling to a PRASA facility.

## C. THE CLEAN WATER ACT

5. The Clean Water Act (CWA), 33 U.S.C. § 1251 et seq., was enacted by Congress to restore and maintain the chemical, physical, and biological quality of the Nation's waters; to prevent, reduce, and eliminate water pollution in the United States; and to conserve the waters of the United States for the protection and propagation of fish and aquatic life and wildlife, recreational purposes, and the use of such waters for public drinking water, agricultural, and industrial purposes. 33 U.S.C. § 1252(a).

6. The CWA prohibits the discharge of any "pollutant" by any "person" from a "point source" into "navigable waters" except in compliance with a permit issued under the National Pollutant Discharge Elimination System ("NPDES") by the United States Environmental Protection Agency ("EPA"). 33 U.S.C. §§ 1311(a) and 1342.

2

7. The term "pollutant" includes sewage, garbage, and sewage discharged into water. 33 U.S.C. § 1362(6).

8. The term "person" includes an individual or corporation. 33 U.S.C. § 1362(5). The defendant, MORA Development Corporation, was a person under the Clean Water Act.

9. The term "point source" means "any discernible, confined and discrete conveyance, including but not limited to any pipe, ditch, channel, tunnel, conduit, well, discrete fissure, container ... from which pollutants are or may be discharged." 33 U.S.C. § 1362(14).

10. The term "navigable waters" means "the waters of the United States, including the territorial seas." 33 U.S.C. § 1362(7). The term "territorial seas" includes Puerto Rico's coastal waters and extending three miles offshore. 33 U.S.C. § 1362(8).

### D. OFFENSE CONDUCT

11. Beginning at a time unknown to the United States Attorney but from at least July 16, 2012, to at least January 31, 2013, the defendant, MORA Development Corporation failed to haul all the sanitary waste in excess of 4,000 gallons generated from the Las Cascadas II Development to a PRASA facility or other authorized treatment facility. Instead, sanitary waste in excess of 4,000 gallons that accumulated in the Las Casadas II Development Manhole and that was not removed by pump truck, was routinely discharged through a pipe that the defendant, MORA Development Corporation, constructed connecting the Las Cascadas II Development Manhole into the Toa Alta municipal storm water system, without a NPDES permit to do so. The installation of the pipe connecting the Las Cascadas II Development Manhole to the Toa Alta municipal storm water system was initially installed by employees of the defendant, MORA Development Corporation, to alleviate the problem of sanitary waste in excess of 4,000 gallons backing up into the residences of Las Casadas II. The employees of the defendant, MORA

3

Development Corporation, were at all times acting within the scope of their employment and, at least in part, for the benefit of the defendant, MORA Development Corporation when the pipe was installed.

12. Sanitary wastewater originating at the Las Cascadas II Development Manhole entering the Toa Alta municipal storm water system was channeled into the storm water catch basin ("Catch Basin").

13. From the Catch Basin, the sanitary wastewater originating at the Las Cascadas II Development Manhole discharged to a storm water retention pond ("Retention Pond") constructed for the purpose of collecting sediment from the storm water. The Retention Pond and the pipe connecting the Las Cascadas II Development Manhole to the storm water system, were point sources under 33 U.S.C. § 1362(14). Upon entering the municipal storm water system and reaching the Retention Pond, the sanitary wastewater originating at the Las Cascadas II Development Manhole discharged into Quilan Creek.

14. Quilan Creek is a tributary of the Bucarabones River, which flows into the La Plata River. The La Plata River discharges to the Atlantic Ocean. Quilan Creek, the Bucarabones River, the La Plata River and the Atlantic Ocean are all "navigable waters" within the meaning of 33 U.S.C. § 1362(7).

15. The La Plata River is the drinking supply for the La Virgencita Water Treatment Plant, which serves approximately 80,000 people in Puerto Rico.

### E. THE CRIMINAL CHARGE UNDER THE CLEAN WATER ACT

16. From on or about at least July 16, 2012, and continuing thereafter until at least January 31, 2013, in the District of Puerto Rico and within the jurisdiction of the Court, the defendant, MORA Development Corporation, by and through its employees and agents did

4

knowingly discharge and cause the discharge of, a pollutant, to wit, untreated sanitary sewage from a point source, the pipe connecting the Las Cascadas II Development Manhole to the Toa Alta municipal storm water system, to Quilan Creek, a navigable water of the United States, without a NPDES permit as required by law.

All in violation of Title 33, United States Code, Sections 1311(a) and 1319(c)(2)(A), and Title 18, United States Code, Section 2.

DATED: October 21, 2015

ROSA EMILIA RODRIGUEZ-VELEZ
United States Attorney
District of Puerto Rico

By: /s/

HOWARD P. STEWART
Senior Litigation Counsel
Environmental Crimes Section
United States Department of Justice
Washington D.C, 20004
howard.stewart@usdoj.gov

JOSE RUIZ-SANTIAGO
Chief Criminal Division
United States Attorney's Office
District of Puerto Rico